**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| GARY HOLLIDAY and SOINYA HOLLIDAY,<br><br>Plaintiffs,<br>v.<br><br>NISSAN MOTOR CO., LTD., NISSAN NORTH AMERICA, INC., CALSONICKANSEI NORTH AMERICA, INC., and CALSONIC KANSEI CORPORATION<br><br>Defendants. | Civil Action No.: 2:18-cv-1503-RMG<br><br>**Plaintiff's Response in Opposition to Defendant Calsonic Kansei North America, Inc.'s Motion to Dismiss and Request for Jurisdictional Discovery** |

COMES NOW PLAINTIFFS, Gary Holliday and Soinya Holliday, by and through the undersigned Counsel of Record and pursuant to the Federal Rules of Civil Procedure, and file this Response in Opposition to Defendant Calsonic Kansei North America, Inc.'s Motion to Dismiss and Request for Jurisdictional Discovery, showing the Court as follows:

## INTRODUCTION

This is a products liability action arising from an automobile accident in North Carolina. On September 5, 2015, Gary Holliday was driving a 2011 Nissan Sentra, equipped with Calsonic Kansei crash sensors, on Interstate I-95 in Wilson County, North Carolina when Mr. Holliday was hit by a tractor trailer, run off of the roadway, at which point the Nissan Sentra struck a tree. Although Mr. Holliday was appropriately seated and using his seat belt at the time of the crash, the driver's side airbag did not deploy. As a result, Mr. Holliday was seriously injured and was hospitalized for six weeks and in a coma for two weeks.

CalsonicKansei North America ("CKNA") is a supplier of automotive parts that are ultimately assembled into an automobile by the automobile manufacturer. DKT 25-1. CKNA

1

manufactures a wide variety of automotive part component products such as Frontal Crash Zone Sensor, Occupant Detection Systems, Air Conditioner Control Switches, Integrated Control Switches for audio and air condition control, vehicle gage clusters, Body Control Modules, Blower Motors, Power Inverters, Variable Displacement Compressors, Fixed Displacement Rotary Compressors, Exhaust Systems, Radiators, Condensers and more automotive products. Calsonic Kansei - Products*, http://calsonic.com/products* (last visited November 26, 2018). Upon information and belief, CKNA has routinely distributed component parts, including air conditioning compressors for the years 2003-2010, to BMW in South Carolina for incorporation with the BMW X5 manufactured in Greer, South Carolina. CKNA's relationship as a supplier to the BMW facility is noted in a 2013 article in Wards Auto. *See* Roger Schreffler, *Spartanburg Plant Anchors BMW's Growing Range of CUVs*, WardsAuto, Aug. 16, 2013, at 4, available at https://www.wardsauto.com/industry/spartanburg-plant-anchors-bmw-s-growing-range-cuvs, and attached hereto as Exhibit A. Through this direction of component part sales intended to be incorporated in a vehicle manufactured in and frequently delivered to end users in South Carolina, CKNA has purposefully conducted activities in South Carolina and established minimum contacts with the state. Therefore, this Court should exercise personal jurisdiction over CKNA consistent with the Due Process Clause of the United States Constitution and South Carolina Constitution.

## **LEGAL STANDARD**

When a court's personal jurisdiction is challenged, the burden is on the plaintiff to establish that a ground for jurisdiction exists. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). When the court resolves the motion on written submissions (as opposed to an evidentiary hearing), the plaintiff need only make a "prima facie showing of a sufficient jurisdictional basis." *Id.* However, the plaintiff's showing must be based on facts set forth in the record. *Magic Toyota, Inc. v. Se.*

2

*Toyota Distribs., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992). The Court may consider the parties' pleadings, affidavits, and other supporting documents but must construe them "in the light most favorable to plaintiff, drawing all inferences and resolving all factual disputes in his favor, and assuming plaintiff's credibility." *Sonoco Prods. Co. v. ACE INA Ins.*, 877 F. Supp. 2d 398, 404-05 (D.S.C. 2012) (internal quotation and alteration marks omitted); *see also Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) ("In deciding whether the plaintiff has made the requisite showing, the court must take all disputed facts and reasonable inferences in favor of the plaintiff"). However, a court "need not credit conclusory allegations or draw farfetched inferences." *Sonoco*, 877 F. Supp. 2d at 205 (internal quotation marks omitted).

To meet their burden, Plaintiffs must show (1) that South Carolina's long-arm statute authorizes jurisdiction, and (2) that the exercise of personal jurisdiction complies with the constitutional due process requirements. *E.g., Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). South Carolina has interpreted its long-arm statute to extend to the constitutional limits of due process. *See S. Plastics Co. v. S. Commerce Bank*, 423 S.E.2d 128, 130-31 (S.C. 1992). Thus, the first step is collapsed into the second, and the only inquiry before the court is whether the due process requirements are met. *ESAB Group, Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 328 (D.S.C. 1999); *Sonoco Prods. Co. v. Inteplast Corp.*, 867 F. Supp. 352, 352 (D.S.C. 1994).

Due process requires that a defendant have sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). This standard can be met in two ways: "by finding specific jurisdiction based on conduct connected to the suit or by finding general jurisdiction." *ALS Scan, Inc. v. Digital*

3

*Serv. Consultants, Inc.*, 293 F.3d 707, 711-12 (4th Cir. 2002) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). The first path is "general jurisdiction." For general jurisdiction to exist, the defendant must have contacts so substantial, continuous, and systematic with the forum that it may be sued there for any reason. *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014). To determine whether specific jurisdiction exists, the Court considers "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst of Md.*, 334 F.3d at 397 (citing *ALS Scan,* 293 F.3d at 711-12; *Helicopteros Nacionales de Colombia*, 466 U.S. at 414 & n.8). In other words, the defendant must have "minimum contacts" with the forum, *see Burger King*, 471 U.S. at 471-76, the cause of action must arise from those contacts, and the exercise of personal jurisdiction must be reasonable. Courts evaluate the reasonableness of personal jurisdiction by considering "(a) the burden on the defendant, (b) the interests of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the efficient resolution of controversies as between states, and (e) the shared interests of the several states in furthering substantive social policies." *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 946 (4th Cir. 1994). "Minimum contacts" and "reasonableness" are not independent requirements; rather, they are aspects of the requirement of due process, and thus "considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." *Burger King*, 471 U.S. at 477.

## REQUEST FOR JURISDICTIONAL DISCOVERY

Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted. *Accident Ins. Co., Inc. v. U.S. Bank Nat'l Ass'n,* No. 3:16-CV-2621-JMC, 2017 WL

4

4238231, at *2 (D.S.C. Sept. 25, 2017) *citing Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993). A court has the discretion to deny jurisdictional discovery if a plaintiff offers only speculation or conclusory assertions about defendant's contacts with a forum state. *Tuttle Dozer Works Inc. v. Gyro-Trac* (USA), Inc., 463 F. Supp. 2d 544, 548 (D.S.C. 2006). When the plaintiff's claim does not appear to be frivolous, a district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging the burden of establishing the court's jurisdiction. *Cent. Wesleyan Coll. V. W.R. Grace & Co*., 143 F.R.D. 628, 644 (D.S.C. 1992).

Where the Plaintiffs have not had access to information sufficient to properly brief arguments about jurisdiction and venue, jurisdictional discovery may be warranted. *Outpost Capital Mgmt., LLC v. Prioleau*, No. 2:16-CV-3684-RMG, 2017 WL 3037374, at *1 (D.S.C. July 18, 2017). Such is the case in this instance, as although Calsonic Kansei supports its Motion with the Affidavit of an employee, Greg Deibig, (DKT-25-2) the Plainitffs have not had similar access to inquire about Calsoni Kansei's South Carolina based activities which may give rise to general personal jurisdiction or specific personal jurisdiction, including the distribution of its products to South Carolina based manufacturers such as BMW.

CKNA argues that there is no evidence that CKNA has "systematic and continuous contacts" with South Carolina. The Plaintiffs have not had an opportunity access information sufficient to properly brief arguments on this issue. Although CKNA argues that CKNA "has never entered into any type of agreement for the purpose of selling, promoting, advertising, targeting, supplying, or servicing any product in South Carolina," (DKT 25-1 at 10) on this point, the affidavit of CKNA employee Greg Deibig indicates only that "CKNA does not design, develop, manufacture, sell and/or distribute any products in South Carolina or

specifically for the South Carolina market." DKT 25-2 ¶4. CKNA also argues that it "has never marketed or advertised any product or service in South Carolina or directed any marketing activities toward South Carolina." DKT 25-1 at 10. These arguments are contradicted by the Plaintiffs' research which indicates that CKNA manufactured and distributed parts to the South Carolina market including to BMW in 2013. See Exhibit A at 4. The Plaintiffs should be afforded the opportunity to conduct limited jurisdictional discovery to assist the Court in determining (1) if CKNA has "systematic and continuous contacts" with South Carolina which may give rise to general personal jurisdiction, (2) if CKNA purposefully availed itself of the privilege of conducting activities in South Carolina, such as selling Frontal Crash Zone Sensors, which may give rise to specific personal jurisdiction and (3) if exercise of personal jurisdiction by this Court would be constitutionally reasonable.

*[THIS SPACE INTENTIONALLY BLANK]*

## CONCLUSION

For the foregoing reasons, this Court should deny Defendant Calsonic Kansei North America, Inc.'s Motion to Dismiss and Order the parties to conduct limited jurisdictional discovery.

Dated: November 26, 2018.

                              Respectfully submitted,

By: /s/ John David O'Neill
**MOTLEY RICE LLC**
John David O'Neill, Esquire (Fed ID 12472)
Kevin R. Dean, Esq. (Fed. I.D. 8046)
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Phone: (843) 216-9000
Fax: (843) 216-9450
jdoneill@motleyrice.com
kdean@motleyrice.com

**TEMPLE LAW FIRM, PLLC**
G. Henry Temple, Jr. (N.C. Bar #6404)
607 Willard Place
Raleigh, North Carolina 27603
Phone: (919) 832-5732
Fax: (919) 832-7732
ghtemple@templelawfirm.com

*ATTORNEYS FOR THE PLAINTIFF*