IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Gary Holliday and Soinya Holliday, | ) | Civil Action No. 2:18-1503-RMG |
| Plaintiffs, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Nissan Motor Co., Ltd., Nissan North America, Inc., Calsonic Kansei North America, Inc., and Calsonic Kansei Corporation, | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendant Calsonic Kansei North America, Inc.'s motion to dismiss for lack of personal jurisdiction (Dkt. No. 25) and Plaintiffs' opposition and request for jurisdictional discovery (Dkt. No. 28). For the reasons set forth below, the Court denies the motion to dismiss as moot, with leave to refile, and grants the request for jurisdictional discovery.

I. **Background**

On September 5, 2015, Plaintiff Gary Holliday was involved in an accident on I-95 in Wilson County, North Carolina while driving his 2011 Nissan Sentra. (Dkt. No. 10 at ¶ 30.) His vehicle was hit by a tractor trailer, ran off the highway, and crashed into a tree. (*Id.*) During the crash, the vehicle's side airbag allegedly failed to deploy. (*Id.* at ¶ 32.) As a result of the accident, Mr. Holliday was treated at Wake Medical Center in North Carolina for approximately six weeks, two of which he spent in a coma. (*Id.* at ¶ 35.) Mr. Holliday has required additional rehabilitation since the accident. (*Id.* at ¶ 36.) Mr. Holliday lives in Berkeley County, South Carolina with his wife, Plaintiff Soinya Holliday. (*Id.* at ¶¶ 7 – 8.) Together, they bring claims against Defendants Nissan Motor Co., Ltd., Nissan North America, Inc., Calsonic Kansei North America, Inc., and

Calsonic Kansei Corporation, the developers, manufacturers and sellers of the occupant restraint system that allegedly failed to deploy during the accident. (*Id.* at ¶¶ 37 – 42.)

Defendant Calsonic Kansei North America ("CKNA") is a foreign company registered in Tennessee with its principal place of business in Shelbyville, Tennessee. (Dkt. No. 10 at ¶ 15.) CKNA allegedly sells vehicle parts to multiple car companies who do business in South Carolina. (Dkt. No. 10 at ¶ 21.) CKNA, however, alleges that it (1) does not own property or have any facility in South Carolina, (2) does not pay taxes in South Carolina, (3) has no registered agent in South Carolina, (4) has no employees in South Carolina, (5) does not advertise or solicit business in South Carolina, and (6) is not authorized to do business in South Carolina. (Dkt. Nos. 25-1 at 2; 25-2.) CKNA, however, does acknowledge that it purchases parts from four suppliers based in South Carolina that comprise 3.11% of its annual purchases. (Dkt. No. 25-1 at 7; 25-2.)

Defendant CKNA filed a motion to dismiss for lack of personal jurisdiction. (Dkt. No. 25.) Plaintiffs oppose the motion and seek jurisdictional discovery. (Dkt. No. 28.)

## II. Legal Standard

When personal jurisdiction is challenged, the burden is on the plaintiff to establish jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). When resolved on written submissions, the plaintiff must make a "prima facie showing of a sufficient jurisdictional basis." *Id.* The plaintiff's showing must be based on facts set forth in the record, taken in the light most favorable to the plaintiff. *Magic Toyota, Inc. v. Se. Toyota Distribs., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992); *Sonoco Prods. Co. v. ACE INA Ins.*, 877 F. Supp. 2d 398, 404–05 (D.S.C. 2012) (internal quotation and alteration marks omitted). However, a court "need not credit conclusory allegations or draw farfetched inferences." *Sonoco*, 877 F. Supp. 2d at 405 (citations omitted).

To meet their burden, a plaintiff must show (1) that South Carolina's long-arm statute authorizes jurisdiction, and (2) that the exercise of personal jurisdiction complies with

constitutional due process requirements. *See, e.g. Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Since South Carolina's long-arm statute extends to the constitutional limits of due process, the only inquiry is whether due process requirements are met. *ESAB Group, Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 328 (D.S.C. 1999); *S. Plastics Co. v. S. Commerce Bank*, 423 S.E.2d 128 (S.C. 1992).

Due process requires that a defendant have sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). This can be met by showing either general or specific personal jurisdiction. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711–12 (4th Cir. 2002) (citations omitted). To assert general jurisdiction, a defendant's contacts must be "so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127, 134 S. Ct. 746, 754 (2014) (citations omitted). For a corporation, that traditionally renders them subject to general jurisdiction in its state of incorporation or principal place of business. *Id.* at 137.

To determine whether specific jurisdiction exists, the Court considers "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 397 (4th Cir. 2003) (citations omitted). In other words, the defendant must have "minimum contacts" with the forum, the cause of action must arise from those contacts, and the exercise of personal jurisdiction must be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 – 476 (1985). Courts evaluate the reasonableness of personal jurisdiction by considering "(a) the burden on the defendant, (b) the

interests of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the efficient resolution of controversies as between states, and (e) the shared interests of the several states in furthering substantive social policies." *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 946 (4th Cir. 1994). "Minimum contacts" and "reasonableness" are not independent requirements; rather, they are both aspects of due process, and thus "considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." *Burger King*, 471 U.S. at 477.

### III. Discussion

The Court does not have general jurisdiction over CKNA. CKNA is not incorporated in South Carolina, nor does it have its principal place of business (or any place of business) in South Carolina. Furthermore, while CKNA sells to car companies and purchases from four parts suppliers in South Carolina, these minimal financial transactions cannot support general jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418, 104 S. Ct. 1868, 1874 (1984) ("mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of *in personam* jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions."); *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 621 (4th Cir. 1997) (finding no general jurisdiction over company that had 26 customers in South Carolina constituting 1% of all customers). Therefore, CKNA is not effectively "at home" in the State, and the Court does not have general jurisdiction over CKNA.

As to specific personal jurisdiction, Defendant argues that Plaintiff cannot show that CKNA has purposefully availed itself of the privilege of doing business in South Carolina. CKNA argues that the Plaintiffs only showed that CKNA placed its parts in the stream of commerce by selling its parts to car companies who do business in South Carolina, and that this alone cannot confer specific personal jurisdiction on this Court. The Supreme Court is split over what a plaintiff

must show to support specific personal jurisdiction on a stream of commerce theory. In *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.*, 480 U.S. 102 (1987), Justice O'Connor, in a plurality opinion, stated that "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State[,]" and instead held that "[a]dditional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State."[1] *Id.* at 111 – 113. *See also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980) ("'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause."). Though that position did not command a majority of the Court, the "stream of commerce plus" test was again determinative in the plurality opinion of *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 131 S. Ct. 2780 (2011). In the absence of a clear Supreme Court majority, the Fourth Circuit endorsed the "stream of commerce plus" test, and it is binding on this Court. *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 945 (4th Cir. 1994) ("To permit a state to assert jurisdiction over any person in the country whose product is sold in the state simply because a person must expect that to happen destroys the notion of individual sovereignties inherent in our system of federalism.").

Courts in the District of South Carolina have had the opportunity to apply this test in similar products liability cases. In *Sutton v. Motor Wheel Corp.*, LLC, No. CV 3:17-01161-MGL, 2018 WL 2197535 (D.S.C. May 14, 2018), the Court held that the mere fact that a China-based tire company manufactured tires for distribution in the United States did not "constitute purposeful availment of the South Carolina market." *Id.* at *4. This was true even though its distribution

---

[1] Justice O'Conner's decision listed some actions that would qualify as relevant "additional conduct," such as "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State." *Asahi Metal Indus. Co.*, 480 U.S. at 112.

company was licensed to do business in South Carolina, had an agent in the state, and imported its tires through the port of Charleston. *Id.* at *5. However, in *Smith v. Teledyne Cont'l Motors, Inc.*, 840 F. Supp. 2d 927, 932 (D.S.C. 2012), applying the same test, the court found it had jurisdiction over an airplane engine manufacturer where the manufacturer had sold at least 400 engines directly to South Carolina purchasers, maintained a warranty program for those owners of its engines, advertised in magazines distributed to the state, previously had a distributor in the state, contracted with service centers in South Carolina and investigated crashes in the state.

At this time, Plaintiffs have not shown the additional conduct necessary to demonstrate that CKNA directed its activities towards South Carolina. Plaintiffs identify multiple car companies that CKNA sells to, yet it is unclear whether CKNA sells to those companies in South Carolina or whether it is merely foreseeable that the cars those companies produces will ultimately be sold in South Carolina. Further, Plaintiffs point to an article from 2013 indicating that BMW, a company with a plant in South Carolina, purchases compressors from CKNA. Yet, the article does not indicate that CKNA sells to BMW in South Carolina, and instead merely reiterates that CKNA supplies components to car companies that operate in the United States.[2]

However, while the article cited by Plaintiffs was from 2013, BMW continues to operate in South Carolina and the Plaintiffs' identification of CKNA's prior sales to BMW raises the possibility that CKNA may continue to sell components for use in various car companies' South Carolina assembly plants. Indeed, the existence of the article, specifically about BMW's Spartanburg plant, possibly calls into doubt CKNA's representation that it had "never specifically designed, manufactured, sold or distributed its products in or for South Carolina." (Dkt. No. 25-1

---

[2] The article states that BMW has "about 40 suppliers in the state and 170 throughout North America," listing CKNA as part of that group. This gives no indication that CKNA operates in South Carolina rather than generally in North America.

at 7.) Certainly, sales of occupant restraint systems and other components to car companies specifically for use in South Carolina plants would constitute purposeful availment.

To resolve these factual issues, Plaintiffs requested jurisdictional discovery. A Court may compel discovery to aid in its resolution of personal jurisdiction issues. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993). "When the Plaintiff's claim does not appear frivolous, a district court should ordinarily allow discovery on jurisdiction in order to aid the Plaintiff in discharging the burden of establishing the court's jurisdiction." *Central Wesleyan College v. W.R. Grace & Co.*, 143 F.R.D. 628, 644 (D.S.C. 1992). However, "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Carefirst of Md., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003).

While CKNA makes various representations regarding the absence of any sales or connections to South Carolina, Plaintiffs have at least raised the possibility that CKNA sells vehicle components for use by auto companies in their South Carolina assembly plants. This, and other relevant information such as solicitation of car component sales for use at South Carolina plants, is relevant to whether specific personal jurisdiction exists.

Plaintiffs are therefore entitled to jurisdictional discovery, which shall close sixty (60) days from the issuance of this order. As identified in their motion, and since the Court does not have general personal jurisdiction, Plaintiff may seek discovery solely related to CKNA's conduct directed towards South Carolina. Plaintiff may also conduct one Fed. R. Civ. P. 30(b)(6) deposition limited to Defendant CKNA's conduct directed towards South Carolina. In light of the Court's ruling granting jurisdictional discovery, Defendant's current motion to dismiss (Dkt. No. 25) is denied as moot, with leave to refile no later than fourteen (14) days after the close of jurisdictional discovery.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's request for jurisdictional discovery (Dkt. No. 28). **IT IS ORDERED THAT** Plaintiffs must complete jurisdictional discovery within sixty (60) days from the date of this order. **IT IS FURTHER ORDERED THAT** Defendant CKNA must either answer the Complaint or renew its motion to dismiss no later than fourteen (14) days after the close of jurisdictional discovery. Defendant's motion to dismiss (Dkt. No. 25) is therefore **DENIED AS MOOT**, with leave to refile.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 24, 2018
Charleston, South Carolina