IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Gary Holliday and Soinya Holliday, ) | Civil Action No. 2:18-1503-RMG |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Nissan Motor Co., Ltd., Nissan North ) | |
| America, Inc., Calsonic Kansei North ) | |
| America, Inc., and Calsonic Kansei ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Before the Court is Defendants and Plaintiffs' motions to seal. (Dkt. Nos. 50, 51, 53, 54.) For the reasons set forth below, the Court grants Defendants' motions to seal (Dkt. Nos. 50, 51, 54) and grants in part and denies in part Plaintiffs' motion to seal (Dkt. No. 53.)

I. **Background**

On September 5, 2015, Plaintiff Gary Holliday was involved in an accident on I-95 in Wilson County, North Carolina while driving his 2011 Nissan Sentra. (Dkt. No. 10 at ¶ 30.) Gary Holliday and his wife, Plaintiff Soinya Holliday, bring claims against Defendants Nissan Motor Co., Ltd., Nissan North America, Inc., Calsonic Kansei North America, Inc., and Calsonic Kansei Corporation, as the developers, manufacturers and sellers of the occupant restraint system that allegedly failed to deploy during the accident. (*Id.* at ¶¶ 37 – 42.) The Court previously denied as moot Calsonic Kansei North America's ("CKNA") motion to dismiss for lack of personal jurisdiction and granted jurisdictional discovery to determine whether the Court has specific jurisdiction over CKNA. (Dkt. No. 37.) After the close of jurisdictional discovery, Defendant CKNA renewed their motion to dismiss for lack of personal jurisdiction. (Dkt. No. 52.)

As part of the briefing of the renewed motion to dismiss, the Parties moved to file under seal a variety of putatively confidential documents and depositions. Defendant CKNA, in its motions seeks solely to file under seal the deposition of a corporate representative. (Dkt. Nos. 50, 51, 54.) Plaintiffs seek to seal their entire filing in Response to Defendant CKNA's motion to dismiss, which includes the Memo itself, the deposition of the corporate representative, and various other documents produced during jurisdictional discovery. (Dkt. No. 52.)

## II. Discussion

Pursuant to Local Civil Rule 5.03, a party seeking to file documents under seal shall file a motion and a memorandum, which shall:

> (1) identify, with specificity, the documents or portions thereof for which sealing is requested; (2) state the reasons why sealing is necessary; (3) explain (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection; and (4) address the factors governing sealing of documents reflected in controlling case law.

Local Civil Rule 5.03, D.S.C. Furthermore, pursuant to the Local Rule, "[t]he Clerk shall provide public notice of the Motion to Seal in the manner directed by the Court…this may be accomplished by docketing the motion in a manner that discloses its nature as a motion to seal." *Id.* The Supreme Court recognized a common law right to inspect and copy judicial records and documents in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). This right is not absolute, however, and the court "may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000), describes the process a district court must follow before sealing court documents:

> [B]efore a district court may seal any court documents, ... it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Id.* at 302 (citations omitted).

The procedural requirements of Local Rule 5.03 have been met here. (Dkt. Nos. 50, 51, 53, 54.) The Parties motions complied with the rule, the public received notice of the request to seal when the motions were docketed, and no parties objected. While the Court finds that sealing is appropriate for the deposition of the corporate representative, Greg Deibig, including any materials that directly quote from the deposition, the Court finds that there are less drastic alternatives to sealing the Plaintiffs' entire Response in Opposition to CKNA's motion to dismiss.

Both Plaintiffs and CKNA agree that Deibig's deposition should be filed under seal as it contains proprietary business information. Upon review of the deposition excerpts, it is clear the deposition contains sensitive business and financial information, and the Court finds it appropriate to permit those documents to be filed under seal. Plaintiffs' motion, however, also seeks to seal multiple documents that are not properly designated as confidential. Notably, Plaintiffs argue that they are seeking to seal their entire Response as it may contain Defendant CKNA's proprietary information. (Dkt. No. 53-1.) However, Defendant CKNA has not similarly sought to seal their own Motion to Dismiss, although it also extensively cites to Deibig's deposition. (Dkt. No. 52.) Further, the other exhibits included for sealing by Plaintiffs' do not contain confidential or proprietary information. One exhibit is a publicly accessible annual report from Nissan, and the other two exhibits include contracts with Honda and Volvo that Defendant CKNA, in its publicly filed memo, discussed. (Dkt. No. 52 at 9; 9 n.4.) The documents also contain emails and advertising materials, and neither Party has argued that these documents in particular are confidential and instead they seem to contain information shared with potential buyers.

The Court therefore declines to seal Plaintiff's Response in Opposition memo or Exhibits 2, 3 or 4. Plaintiffs' are permitted to file under seal Exhibit 1, the excerpts from Deibig's deposition. Further, in order to maintain the confidentiality of the Deibig deposition, Plaintiffs

should file on the docket their Response in Opposition memo with all *direct* quotes from the Deibig deposition redacted. Plaintiffs should also file an unredacted version of their Response in Opposition under seal. Finally, as it discusses sensitive business information, the redacted Response in Opposition filed on the docket should also redact the first four full sentences of the final paragraph of page 4 that continues onto page 5. The final two sentences of that paragraph, on page 5, should remain unredacted as they rely on non-confidential information.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant CKNA's Motions to Seal (Dkt. No. 50, 51, 54). Defendant CKNA is **DIRECTED** to file under seal Exhibit B to their Motion to Dismiss and Exhibit A to their Reply to the Response to their Motion to Dismiss. The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Seal (Dkt. No. 53). The Motion is **GRANTED** to the extent Plaintiffs' seek to file Exhibit 1, Greg Deibig's deposition, and certain references to Deibig's testimony under seal. Plaintiffs' are therefore **DIRECTED** to file under seal Exhibit 1 and may redact from the publicly filed Response all direct quotes from Deibig's deposition and the first four full sentences of the final paragraph of page 4 that continues onto page 5. An unredacted copy of the Response in Opposition should also be filed under seal. Plaintiff's Motion is otherwise **DENIED**, and Plaintiffs' must, within **SEVEN (7) DAYS** of this Order file the redacted Response in Opposition and Exhibits 2, 3 and 4 on the docket.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

May 24, 2019
Charleston, South Carolina